The document below is hereby signed.

Signed: July 18, 2020



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARLENE DENISE MORTEN, | ) | Case No. 20-00295 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DISMISSING CASE

On July 8, 2020, the debtor filed a petition under Chapter 13 of the Bankruptcy Code and, in Part 5 of the petition, she checked a box that stated:

> I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

Below that immediately followed these instructions:

> To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
>
> Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

The debtor filed with the petition a certification (a

*Verification of Enrollment in Financial Management/Bankruptcy Counseling Course* (Dkt. No. 23)) reciting:

> The undersigned debtor hereby verifies that due to the emergency circumstances created by the impending foreclosure sale of my home, I was unable to take the Chapter 13 Bankruptcy Course before filing the petition in this case. I am, however, in the process of scheduling a financial management/bankruptcy counseling course from the following approved debtor education provider taken from the list of Approved Credit Counseling and Debtor Education Providers shown on the U.S. Bankruptcy Court for the District of Columbia's website: River Park Commons, 2403 Sidney Street, Suite 400, Pittsburgh, PA 15203, 888-511-2227. Upon completion of the course, I will file with the Court the required Form 423, Certificate of Completion.

This statement does not comply with the instruction to explain "what efforts you made to obtain the briefing, [and] why you were unable to obtain it before you filed for bankruptcy[.]"

The 30-day exemption from the credit counseling requirement under 11 U.S.C. § 109(h)(3) requires that the debtor have sought credit counseling *prior* to filing the bankruptcy petition. *See In re Mason*, 412 B.R. 1 (Bankr. D.D.C. 2009). The debtor's certification does not identify a prepetition request for credit counseling and what efforts she made to obtain the required briefing. Indeed, her certification suggests that only after filing the petition did she engage "in the process of scheduling" credit counseling.

Even when the debtor has made a request for credit counseling prepetition, § 109(h)(3)(A)(ii) requires that she have been unable to obtain credit counseling within seven days of

2

making the request. *See In re Diaz*, No. 19-00543, 2019 WL 7602243, at *1 (Bankr. D.D.C. Aug. 21, 2019) ("If the debtor was able to obtain credit counseling within seven days of requesting it, but not in time to stop the foreclosure, the debtor would still not qualify for the exception.  The law requires that the counseling be unavailable within 7-days of requesting it, not before the exigent circumstance.").  In other words, the need to file a petition to stay a foreclosure sale before credit counseling is obtained does not alter the requirement that the debtor was not able to obtain credit counseling within seven days of making the request.  *See In re Allen*, No. 18-00498, 2018 WL 4440406, at *2 (Bankr. D.D.C. Aug. 20, 2018) ( "[A]n intervening exigent circumstance does not qualify as a preventing factor in obtaining the required counseling in seven days.  The debtor must have been unable to obtain credit counseling within seven days of requesting counseling, regardless of any intervening exigent circumstance that will transpire before the expiration of the seven days.").

    Credit counseling can readily be obtained well within seven days after making a request.  Indeed, the debtor obtained credit counseling on July 13, 2020, five days after she indicated that she would be scheduling credit counseling.  Having obtained credit counseling within five days of making a request postpetition, there is every indication that if the debtor had

requested credit counseling prepetition, she would have been able to obtain credit counseling within seven days of making such a request prepetition. If the debtor *did* make a request prepetition, she has failed to describe efforts she made to obtain the briefing and has offered no explanation for why she could not obtain counseling within seven days of making the request.

A 30-day waiver is available only if, as required by 11 U.S.C. § 109(h)(3)(A)(iii), the certification the debtor files "is satisfactory to the court." In failing to provide any details regarding making a prepetition effort to obtain credit counseling and why such credit counseling was not available within seven days of such a request, the debtor's certification is not satisfactory to the court. *See In re Rodriguez*, 336 B.R. 462, 474 (Bankr. D. Idaho 2005) (certificate was unsatisfactory in failing to provide any detail of facts pertinent to requesting credit counseling and being unable to obtain it within the specified statutory period); *In re Berry*, No. 19-00410, 2019 WL 3211952, at *2 (Bankr. D.D.C. July 16, 2019).

Accordingly, the debtor is not entitled to a 30-day exemption from the prepetition credit counseling requirement of 11 U.S.C. § 109(h)(1). Because the debtor did not obtain prepetition credit counseling, and does not fall within any exception to that requirement, § 109(h)(1) dictates that she "may

4

not be a debtor under this title," and the case must be dismissed.[1]

It is thus

ORDERED that this case is dismissed.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); all entities on the BNC mailing list.

---

[1] The provisions of 11 U.S.C. § 362(c)(3) will apply to any case the debtor files within a year after the dismissal of this case. A motion under § 362(c)(3)(B) to extend the automatic stay must be sought promptly after the commencement of the case as a hearing on the motion must be completed within 30 days after the commencement of the case, and affected creditors are entitled under LBR 9013-1 to 17 days notice of the opportunity to file an opposition to the motion before a hearing is held.

The debtor has filed in this case a Chapter 13 plan not using the required form of plan. In any new case, the debtor must use the local form of Chapter 13 plan required by LBR 3015-1.